UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL L. WODASZEWSKI, DARRELL LOUTSCH, JESSE A. MONTEZ, JR., CHARLES NIPPOLDT, and RICKY CARL HAMBLIN, on behalf of themselves and all others similarly situated; and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>GERDAU AMERISTEEL US INC., and GERDAU AMERISTEEL US RETIREE MEDICAL PLAN,<br><br>    Defendants. | Court File No.<br><br>**COMPLAINT FOR BREACH OF LABOR CONTRACT AND FOR BREACH OF ERISA PLAN**<br><br>Class Action<br><br>**Demand for Jury Trial** |

# COMPLAINT

Plaintiffs Michael L. Wodaszewski, Darrell Loutsch, Jessie A. Montez, Jr., Charles Nippoldt and Ricky Carl Hamblin ("Class Representatives"), on behalf of themselves and all other persons similarly situated, and Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW"), by their attorneys, bring this action against Defendants Gerdau Ameristeel US Inc. ("Gerdau") and the Gerdau Ameristeel US Retiree Medical Plan (the "Plan"), and aver as follows:

  1.  This action concerns the collectively bargained retiree healthcare benefits that Defendant Gerdau Ameristeel US Inc. ("Gerdau") agreed to provide to steelworkers from a steel

mill that Gerdau operates in St. Paul, Minnesota (the "St. Paul Mill"). Class Representatives bring the action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and two subclasses: one comprised of similarly situated employees and another comprised of similarly situated retirees, along with their eligible dependents. The USW brings the action as the collective bargaining representative for relevant employees of Gerdau and as a party to the agreement that establishes rights to retiree health benefits.

2. Count I is brought by the Class Representatives and the USW against Gerdau for breach of labor contract enforceable under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. It seeks a declaration that Gerdau may not unilaterally terminate or modify the retiree health benefits provided for under its collective bargaining agreement with USW dated August 1, 2015 (the "2015 CBA"), a permanent injunction prohibiting such unilateral termination or modifications by Gerdau, and as to those class members affected by the unilateral benefit changes Gerdau has already made, benefits, monetary damages, restitution, and/or other monetary relief, as necessary, to restore them to the position in which they would have been but for Gerdau's breach of contract.

3. Count II is brought by Class Representatives against Defendants under § 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) and (a)(3). It seeks a declaration that Gerdau may not unilaterally terminate or modify the *negotiated* retiree health benefits provided for under the 2015 CBA and the Plan, a permanent injunction prohibiting such unilateral termination or modifications by Defendants, and as to those class members affected by the unilateral benefit changes Defendants have already made, benefits, restitution and/or other monetary relief, as necessary, to restore

2

class members to the position in which they would have been but for Defendants' contractual and statutory violations.

## JURISDICTION AND VENUE

4. As both Counts raise federal questions, this Court has jurisdiction over them under 28 U.S.C. § 1331. This Court also has jurisdiction over Count I under § 301 of the LMRA, 29 U.S.C. § 185, and over Count II under § 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132(e)(1) and (f). Venue in this judicial district is proper under § 301 of the LMRA, 29 U.S.C. § 185, and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## PARTIES

5. Plaintiff Michael L. Wodaszewski is an adult resident of Stillwater, Minnesota. Mr. Wodaszewski worked for Gerdau and its predecessors (the "Company") at the St. Paul Mill from 1972 through his retirement in 2015. During his employment, he was a member of the USW Local 7263 bargaining unit ("Local 7263"), serving as president between 1997 and 2008. Mr. Wodaszewski is 70 years old and has received health benefits from Gerdau since his retirement.

6. Plaintiff Darrell Loutsch is an adult resident of West St. Paul, Minnesota. Mr. Loutsch worked for the Company at the St. Paul Mill from 1975 through his retirement in 2011. During his employment, he was a member of Local 7263, serving as grievance chairman and as an officer on the negotiating committee for a number of years. Mr. Loutsch is 68 years old, and has received health benefits from Gerdau since his retirement.

7. Plaintiff Jesse A. Montez, Jr. is an adult resident of Cannon Falls, Minnesota. Mr. Montez worked for the Company at the St. Paul Mill from 1970 through his retirement in 2017.

During his employment, he was a member of Local 7263.  Mr. Montez is 68 years old, and has received health benefits from Gerdau since his retirement.

8. Plaintiff Charles Nippoldt is an adult resident of Cottage Grove, Minnesota.  Mr. Nippoldt works for the Company at the St. Paul Mill, and has worked there since 1984.  Mr. Nippoldt is 59 years old, and currently serves as Local 7263 Vice President and Grievance Chair.

9. Plaintiff Ricky Carl Hamblin is an adult resident of Eagan, Minnesota.  Mr. Hamblin works for the Company at the St. Paul Mill, and has worked there since 1987.  Mr. Hamblin is 59 years old, and currently serves as Local 7263 Civil Rights Chair, Grievance Man, and Guide.

10. Plaintiff USW is a labor organization representing employees in an industry affecting commerce, which maintains an office at 60 Boulevard of the Allies, Five Gateway Center, Pittsburgh, Pennsylvania, 15222.  The USW represents certain Gerdau employees in collective bargaining and has negotiated a series of collective bargaining agreements with the Company, under the terms of which retirees of the St. Paul Mill and their spouses, surviving spouses, and child dependents have been and remain entitled to retiree health benefits, as set forth in this complaint.

11. Defendant Gerdau is a Florida Corporation with its principal place of business located at 4221 Boy Scout Boulevard, Tampa, Florida, 33607.  Gerdau is an employer engaged in the manufacture of products affecting commerce throughout the United States including the operation of the St. Paul Mill located at 1678 Red Rock Road, St. Paul, Minnesota.  On information and belief, Gerdau is the plan sponsor of and also a fiduciary of the Defendant Plan (identified in ¶ 12) through which Gerdau has provided the negotiated retiree health benefits at issue here.  Gerdau is sued in its capacities as employer, plan sponsor, and fiduciary.  Gerdau is

qualified and registered to do business in Minnesota and has such extensive contacts within this judicial district that it "may be found" in this district within the meaning of 29 U.S.C. § 1132(e)(2).

12. Defendant Plan is an "employee benefit plan" within the meaning of ERISA and provided retiree health benefits to class members. The Plan is sued as a party that may be needed for just adjudication under Rule 19 of the Federal Rules of Civil Procedure, and also as a party responsible for providing benefits under § 502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. § 1132(a)(1)(B) and (a)(3).

## STATEMENT OF FACTS

13. The Company has operated and manufactured steel products at the St. Paul Mill for many years. The Company and the USW have a long-standing collective bargaining relationship; they have been parties to a series of collective bargaining agreements ("CBAs") covering bargaining unit employees at the St. Paul Mill, dating back to at least the 1980's.

14. These CBAs provided for a Group Benefits Plan, later referred to as a Comprehensive Benefits Program, which provided, *inter alia,* medical, dental, vision and prescription drug benefits to active employees and retirees from the St. Paul Mill, as well as their spouses, surviving spouses, and children.

15. The current CBA in place between Gerdau and the USW became effective on August 1, 2015 (the "2015 CBA"). The 2015 CBA provides that it "shall continue in effect from August 1, 2015 to and including July 31, 2019, and unless either party notifies the other party in writing of its desire to amend or terminate said Agreement, it will continue in effect from year to year thereafter."  A copy of the 2015 CBA is attached to this complaint as Exhibit A.

16. One of the promises contained in the 2015 CBA is a "comprehensive benefits program." The benefits provided through the comprehensive benefits program include "medical, dental, vision, prescription drug, life insurance, short term disability (STD), Flexible Spending Accounts (FS), EAP and other Health & Welfare programs." (Exhibit A at 68).

17. The 2015 CBA provides for health benefits for retired employees. In particular, "Retirees under 65 will continue to be offered subsidized retiree medical (including vision) with the same medical (including vision) coverage and contribution rate as active hourly employees...." (Exhibit A at 70). The 2015 CBA sets forth the contribution rates for active hourly employees for 2016, and provides that "[r]etirees under 65 will not have their medical premiums (including vision) increase more than 10% in 2017 or any year thereafter of this contract." (Exhibit A at 70).

18. The 2015 CBA provides, "At age 65 Medicare becomes the primary coverage and optional insurance coverage provided by the Company becomes secondary." (Exhibit A at 69). It sets forth the "2016 Monthly Retiree Contributions for Retiree Medical Post 65 Employees" for four levels of coverage: Retiree, Retiree + Children, Retiree + Spouse, and Family. (Exhibit A at 69). It further provides that "[r]etirees age 65 or older will not have their monthly retiree medical premiums increase more than 10% in 2017 or any given year of the contract," and that "[i]ncreases in contribution rates for post 65 retired employees will be calculated using the same methodology as active and under 65 retirees." Exhibit A at 69.

19. On June 23, 2016, Gerdau announced that effective September 1, 2016, it intended to eliminate its plan of benefits for eligible retirees and spouses over age 65, require those who desired medical insurance to enroll in an individual plan through an exchange, and make contributions towards the costs of such individual coverage through a Health

6

Reimbursement Arrangement ("HRA").  The letter from Gerdau explaining the changes stated: "Each year we will reevaluate the contribution to determine whether the contribution will be continued and, if it is continued, the amount of the contribution."  Gerdau also asserted: "To the fullest extent permitted by law, Gerdau has reserved the right to amend, modify, suspend, replace or terminate any of its plans, policies or programs, in whole or in part, at any time and for any reason, by appropriate company action."

20. Following this announcement, the USW and Local 7263, a duly chartered local union of the USW, objected to the unilateral benefit changes Gerdau had announced.  On June 27, 2016, Plaintiff Nippoldt acting as the Local 7263 Grievance Chair filed a grievance under the procedures mandated by the 2015 CBA challenging the announced changes.  Gerdau denied the grievance on June 28, 2016.

21. On August 1, 2016, Gerdau announced that it was changing the effective date of the announced changes to January 1, 2017, and further that it was limiting the changes to those who retired June 1, 2016 or earlier (and their spouses).  Gerdau explained: "Those groups where Gerdau coverage will be replaced are: (i) Current Age 65+ Medicare-eligible retirees/spouses; and (ii) Pre-Age 65 current eligible retirees/spouses who will transition once they turn age 65 and become Medicare eligible."

22. On October 17, 2016, Gerdau filed a declaratory judgment action in this Court against the USW and Local 7263, seeking a declaration that announced benefit changes were not subject to the dispute resolution provisions of the 2015 CBA and that the grievance relating to the announced changes could not be submitted to arbitration under the provisions of the 2015 CBA.

7

23. On December 9, 2016, USW answered Gerdau's complaint in the declaratory judgment action and asserted a counterclaim seeking to compel arbitration of the dispute, or in the alternative, a declaration that Gerdau violated the terms of the 2015 CBA, an injunction prohibiting future violations, and restitution to the individuals affected by Gerdau's contractual violations.

24. On January 1, 2017, Gerdau proceeded to implement the benefit changes it had announced on August 1, 2016.

## CLASS ACTION ALLEGATIONS

25. Class Representatives bring this class action on behalf of themselves and a class comprised of two subclasses of similarly situated individuals:

   Subclass A:   All former USW-represented employees who (i) were hired on or before October 1, 2000; (ii) retired from the St. Paul Mill; (iii) met the Eligibility Criteria to participate in the Gerdau Ameristeel Retiree Medical Plan for St. Paul Union Retirees ("St. Paul Union Plan") at the time of their retirement; and (iv) for employees who retired on or before June 1, 2016, continued to meet the Eligibility Criteria for participating in the St. Paul Union Plan as of August 7, 2017, as well as the Eligible Dependents of all such former USW-represented employees.

   Subclass B:   All USW-represented employees of the St. Paul Mill who were hired by the Company on or before October 1, 2000, and who meet the Eligibility Criteria to participate in the Gerdau Ameristeel Retiree Medical Plan for St. Paul Union Retirees upon their retirement.

26. The number of members in each subclass is large enough that joinder of individual members in this action is impracticable.

27. There are common questions of law and fact for each subclass – namely, whether the 2015 CBA obligates Gerdau to provide a company-sponsored plan of health benefits to class members upon their retirement, whether Gerdau's assertion that it may unilaterally terminate or modify class members' company-sponsored benefit coverage is consistent with the CBA's

8

provisions, and as to Subclass A, whether Gerdau's announced and implemented changes violate the terms of the 2015 CBA.

28. The complaint seeks common relief as to the members of each subclass as set forth below in the section titled, "Relief Requested."

29. The claims of the Class Representatives are typical of the claims of all members of the subclass in which they belong, namely that Defendants are obligated under the 2015 CBA and ERISA to provide them upon retirement with retiree health benefits as set forth in the 2015 CBA, and that Defendants cannot unilaterally terminate or modify these benefits. There is no conflict between the Class Representatives and any other class member with respect to this action.

30. The Class Representatives will fairly and adequately protect the interests of the class members. Plaintiffs' attorneys are experienced and capable in the field of labor law and ERISA and have successfully litigated numerous LMRA and ERISA class actions involving retiree benefits of former union employees.

31. This action is properly maintainable as a class action under Rule 23(b)(2) in that Defendants have acted on grounds generally applicable to each subclass by asserting the right to make unilateral changes to the health benefits they are obligated to provide to class members, and by unilaterally announcing and then implementing changes to health benefits they are obligated to provide to Subclass A, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to each subclass as a whole.

32. This action is also properly maintainable as a class action under Rule 23(b)(1). Because of the uniform standards of conduct imposed by ERISA, the prosecution of separate actions by individual members of the class would create a risk of: (i) inconsistent adjudications

that would establish incompatible standards of conduct for Defendants, and (ii) adjudications that would be dispositive of the interests of non-party subclass members or substantially impair such non-party subclass members' ability to protect their interests.

33. Alternatively, this action is maintainable as a class action under Rule 23(b)(3), as the common questions of law and fact described above predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Declaratory relief is proper in this matter as there exists an actual controversy between the parties which can be resolved by a judgment from this Court. As to Subclass A, Gerdau has asserted the right to unilaterally terminate or modify the retiree health benefits set forth in the 2015 CBA, and further announced and implemented unilateral changes to retiree health benefits in violation of the 2015 CBA. As to Subclass B, Gerdau's assertion of the right to make unilateral changes to the benefits and its announcement and implementation of benefit changes for retirees covered by the 2015 CBA, creates a significant degree of uncertainty that is affecting the parties' present affairs.

## COUNT I

### Violation of Collective Bargaining Agreement, Actionable Under LMRA § 301
### (Brought by All Plaintiffs Against Defendant Gerdau)

35. Plaintiffs incorporate by reference all preceding allegations as though fully set forth here.

36. The 2015 CBA is a "contract between an employer and a labor organization" within the meaning of LMRA § 301, 29 U.S.C. § 185, and confers upon class members a right upon retirement to company-sponsored retiree health benefit coverage. By asserting the right to make unilateral changes to the health benefits set forth in the 2015 CBA, and by unilaterally

announcing and implementing changes to the health benefits described in the 2015 CBA for the members of Subclass A, Gerdau has violated the provisions of the 2015 CBA.

37. Gerdau's breach of the 2015 CBA is actionable in this Court under LMRA § 301, 29 U.S.C. § 185.

## COUNT II

**Violation of Employee Benefit Plan, Actionable Under ERISA § 502(a)(1)(B) and (3)**
**(Brought by Class Representatives Against All Defendants)**

38. Plaintiffs incorporate by reference all preceding allegations as though fully set forth here.

39. Defendants are obligated to provide the *negotiated* retiree health benefits pursuant to the terms of the 2015 CBA and the Plan, which together serve as the governing plan document for an employee benefit plan under ERISA. Defendants violated the terms of this plan document by asserting the right to make unilateral changes to the health benefits set forth in the 2015 CBA and the Plan, and by unilaterally announcing and implementing changes to the health benefits described in the 2015 CBA and the Plan for the members of Subclass A.

40. Defendants' repudiation of the negotiated terms of the Plan is actionable under ERISA § 502(a)(1)(B) and (a)(3), 29 U.S.C. § 1132(a)(1)(B) and (a)(3). These ERISA provisions allow a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and further "to enjoin any act or practice which violates . . . the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce . . . the terms of the plan." Additionally, a participant suing under these provisions is entitled to interest on any retroactive amounts awarded.

11

## RELIEF REQUESTED

A.      Certify this action as a class action, appoint Plaintiffs Wodaszewksi, Loutsch and Montez as Class Representatives for Subclass A, appoint Plaintiffs Nippoldt and Hamblin as Class Representatives for Subclass B, and appoint Feinstein Doyle Payne & Kravec, LLC and Peterson, Engberg and Peterson, as counsel for the class.

B.      Declare that the negotiated retiree health benefits set forth in the 2015 CBA cannot be unilaterally terminated or modified by Defendants.

C.      Permanently enjoin Defendants from unilaterally terminating or modifying retiree health coverage provided to Class Members under the 2015 CBA.

D.      Award to Class Representatives Wodaszewski and Loutsch and to those members of Subclass A as to whom Gerdau implemented unilateral changes to their retiree health benefits, re-adjudicated benefits pursuant to the negotiated terms of the 2015 CBA and the Plan, and/or monetary damages or restitution or other monetary relief (plus interest), as necessary, to restore them to the position in which they would have been but for Defendants' contractual and statutory violations.

E.      Award Plaintiffs' reasonable attorneys' fees and costs incurred in this action.

F.      Grant such further relief as may be deemed necessary and proper.

## JURY DEMAND

Plaintiffs request a jury trial of all issues so triable.

Respectfully submitted,

Dated: December 26, 2017

s/ John G. Engberg
John G. Engberg (26761)
Mark W. Bay (554X)
Peterson, Engberg & Peterson
250 Marquette Avenue, Suite 540
Minneapolis, MN  55401-2387
Phone:   (612) 338-6743
Fax:       (612) 338-4281
Email:    peplawyers@aol.com

Joel R. Hurt (*pro hac vice* admission pending)
Ruairi McDonnell (*pro hac vice* admission pending)
FEINSTEIN DOYLE PAYNE
  & KRAVEC, LLC
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Phone:   (412) 281-8400
Fax:       (412) 281-1007
Email:    jhurt@fdpklaw.com
               rmcdonnell@fdpklaw.com

*Counsel for Plaintiffs*

Maneesh Sharma (*pro hac vice* admission pending)
Assistant General Counsel
United Steelworkers
60 Boulevard of the Allies, Room 807
Pittsburgh, PA  15222
Phone:   (412) 562-2531
Fax:       (412) 562-2429
Email:    msharma@usw.org

*Counsel for Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC*