# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL L. WODASZEWSKI, DARRELL LOUTSCH, JESSE A. MONTEZ, JR., CHARLES NIPPOLDT, and RICKY CARL HAMBLIN, on behalf of themselves and all others similarly situated; and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC,<br><br>Plaintiffs,<br><br>v.<br><br>GERDAU AMERISTEEL US INC., and GERDAU AMERISTEEL US RETIREE MEDICAL PLAN,<br><br>Defendants. | Court File No. 17-cv-05564-MJD-KMM<br><br>Judge Michael J. Davis<br><br>Class Action<br><br>**Demand for Jury Trial** |

### ORDER GRANTING PLAINTIFFS' MOTION FOR (1) CLASS CERTIFICATION, (2) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, (3) APPROVAL OF CLASS NOTICE, AND (4) ORDER SETTING DATE FOR FINAL FAIRNESS HEARING

Plaintiffs Michael L. Wodaszewski, Darrell Loutsch, Jessie A. Montez, Jr.,

Charles Nippoldt and Ricky Carl Hamblin ("Class Representatives"), on behalf

of themselves and all other persons similarly situated, along with Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW"), have entered into a proposed Settlement Agreement with Defendants to resolve the claims in this putative class action lawsuit and a related declaratory judgment pending in this district, and have agreed upon a proposed Notice to the Class. The parties have entered into a Stipulation of Settlement ("Settlement Agreement"[1]), and also have agreed on a proposed Class Notice. Class Representatives seek certification of a settlement Class as defined below and preliminary approval of the Settlement and proposed Notice. The Court has reviewed the submissions of the parties, and orders as follows:

1.  The Court defines the settlement class under Fed. R. Civ. P. 23 in this litigation for settlement purposes only (the "Class") as follows:

> Subclass A. All former USW-represented employees who (i) were hired on or before October 1, 2000; (ii) retired from the St. Paul Mill; (iii) met the Eligibility Criteria to participate in the Gerdau Ameristeel Retiree Medical Plan for St. Paul Union Retirees (the "Plan") at the time of their retirement; and (iv) for employees who retired on or before June 1, 2016, continued to meet the Eligibility Criteria for participating in the Plan as of

---

[1] Capitalized words not defined in this Order shall have the meaning set forth in the Settlement Agreement.

>August 7, 2017, as well as the Eligible Dependents of all such former USW-represented employees.
>
>Subclass B. All USW-represented employees of the St. Paul Mill who were hired on or before October 1, 2000, and who meet the Eligibility Criteria to participate in the Gerdau Ameristeel Retiree Medical Plan for St. Paul Union Retirees upon their retirement.

2. Fed. R. Civ. P. 23(a) is satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

3. The class may be certified under Fed. R. Civ. P. 23(b)(1)(A), because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants.

4. The class may be certified under Fed. R. Civ. P. 23(b)(2), because Defendants acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

5. The Court appoints Class Representatives Wodaszewski, Loutsch and Montez to represent Subclass A, and Class Representatives Nippoldt and Hamblin to represent Subclass B.

6. The Court appoints Peterson, Engberg & Peterson and Feinstein Doyle Payne & Kravec, LLC, as Class Counsel pursuant to Fed. R. Civ. P. 23(g), and finds that they will fairly and adequately represent the Class.

7. The Settlement Agreement is preliminarily approved subject to notice and a fairness hearing. The Court preliminarily finds that the Settlement is capable of being finally approved under the Eighth Circuit's factors guiding the approval of class action settlements.

8. The Court has preliminarily considered the following factors: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. The Court concludes that these factors favor preliminary approval of the proposed settlement and that the settlement is fair, reasonable, and adequate.

9. Furthermore, the Court finds that Plaintiffs are represented by experienced counsel who have competently evaluated the strength of their

4

proofs and are well-situated to evaluate the strengths of Plaintiffs' claims and Defendants' defenses.

10. The Court also finds that the Settlement Agreement appears to be the product of arm's-length negotiations by experienced counsel on both sides.

11. The Court has reviewed the proposed form of the Notice to the Class and finds that it complies with the requirements of Fed. R. Civ. P. 23 (e) and (h), and fairly presents the terms of the Settlement Agreement and the Class Members' rights and responsibilities in the settlement approval process.

12. The Court directs that notice of the Settlement Agreement be provided to the Class pursuant to Fed. R. Civ. P. 23(e)(1) and (h)(1).

13. Within fifteen business days following preliminary approval, Defendants shall, at their own expense, mail the Class Notice via first class mail to all Class Members as set forth in the Settlement Agreement.

14. The mailing of the Class Notice to Class Members provides due and sufficient notice of the proceedings, of the proposed settlement, of the settlement approval procedure, and of Class Counsel's request for an award of fees and expenses, thus satisfying the requirements of Fed. R. Civ. P. 23 and the requirements of due process. The Court finds that such notice is the best notice

practicable under the circumstances and will effectuate actual notice to the Class of the settlement and of Class Counsel's fee request.

15. A hearing will be conducted before this Court on June 14, 2018 at 1:30 p.m. (Minneapolis Federal Courthouse, 300 South Fourth Street, Courtroom 13E, Minneapolis, MN 55415) to finally determine the fairness, reasonableness and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement ("Fairness Hearing"), and to consider Plaintiffs' motion for an award of attorney fees and expenses ("Fee Motion"). Plaintiffs shall file their Fee Motion at least 45 days prior to the Fairness Hearing. Any Class Member may appear personally or by counsel at the hearing and may object or express his or her view regarding the Settlement Agreement and/or the Fee Motion.

16. A Class Member will not be heard, nor be entitled to contest the approval by this Court of the Settlement Agreement or the Fee Motion, unless at least 30 days prior to the Fairness Hearing, he or she files with the Clerk of this Court written objections, together with any Notice of intention to appear and any papers he or she proposes to submit to this Court at the Settlement Hearing, and on or before that date serves all such objections and other papers on both of the

following: (a) Joel R. Hurt, FEINSTEIN DOYLE PAYNE & KRAVEC, LLC, 429 Fourth Avenue, Law & Finance Building, Suite 1300, Pittsburgh, PA 15219 and (b) Daniel A. Ward, FRANTZ WARD LLP, 200 Public Square, Suite 3000, Cleveland, OH 44114.

17. Such Notice shall state: (i) the objector's full name, address, telephone number, and email address; (ii) all grounds for the objection, including any legal support for the objection; (iii) copies of any documents upon which the objection is based; (iv) the name and address of any attorney representing the objector; (v) whether the objector will appear at the Final Fairness Hearing; and (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection.

18. Any Class Member who does not file and serve his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement or to Class Counsel's motion for an award of fees and expenses.

19. The parties may submit briefs in response to any objection(s) and in support of final approval of the settlement at least ten days prior to the Final

Fairness Hearing.

20. The hearing may be continued or adjourned by order of this Court, from time to time, and without further notice to the Class, except that notice will be provided to any Class Member who has timely filed an objection.

Date: March 1, 2018

                                            s/Michael J. Davis
                                            Michael J. Davis
                                            United States District Court