# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL L. WODASZEWSKI, DARRELL LOUTSCH, JESSE A. MONTEZ, JR., CHARLES NIPPOLDT, and RICKY CARL HAMBLIN, on behalf of themselves and all others similarly situated; and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, <br><br> Plaintiffs, <br><br> v. <br><br> GERDAU AMERISTEEL US INC., and GERDAU AMERISTEEL US RETIREE MEDICAL PLAN, <br><br> Defendants. | Court File No. 17-cv-05564-MJD-KMM <br><br><br> Class Action <br><br> **Demand for Jury Trial** |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiffs Michael L. Wodaszewski, Darrell Loutsch, Jessie A. Montez, Jr., Charles Nippoldt and Ricky Carl Hamblin ("Class Representatives"), on behalf of themselves and all other persons similarly situated, along with Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW"), have entered into a proposed Settlement Agreement with Defendants to resolve the claims in this putative class action lawsuit and a related declaratory judgment pending in this district, and have agreed upon

a proposed Notice to the Class.  This Court preliminarily approved the Settlement Agreement on March 1, 2018, and set the Fairness Hearing for June 14, 2018.  See Doc. #29.

Pursuant to the Settlement Agreement, Plaintiffs have moved for an award of attorneys' fees, costs, and expenses in the amount of $90,000, which Defendants do not oppose.  The Court finds that Plaintiffs' requested fee, costs, and expense award is justified under ERISA, which provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).  The Settlement Agreement clearly represents "some degree of success on the merits" within the meaning of *Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. 242, 245 (2010).  The Court has considered the five factors identified in *Lawrence v. Westerhaus,* 749 F.2d 494, 496 (8th Cir. 1984) and finds that they support an award of fees and costs to Plaintiffs since the lawsuit was brought to benefit a class, and the Settlement will result in lifetime retiree medical benefits.

Plaintiffs have requested an attorney fee award of $87,869.11.  Given the facts of this case, the Court concludes that either under a "lodestar" analysis under ERISA, a "percentage-of-the-recovery" analysis under the common benefit doctrine, or a blended approach whereby one analysis is used to "cross-check" the other, *see Johnston v. Comerica Mortgage Corp.,* 83 F.3d 241, 245 (8th Cir. 1996), the requested fee should be approved.  The Court finds that in this case, a rate of $530 per hour is reasonable for attorney Joel R. Hurt; that a rate of $310 per hour is reasonable for attorney Ruairi McDonnell; and a rate of $300 per hour is reasonable for Mark W. Bay and John G.

2

Engberg. The Court also finds that Plaintiffs' request for costs and expenses totaling $2,130.89 should be approved.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses [Doc. No. 31] is GRANTED.  The requested award in the total amount of $90,000 is hereby approved and Defendants are directed to make payment of these fees, costs, and expenses as set forth in the parties' Settlement Agreement.

Date:   June 14, 2018

s/ David S. Doty  
David S. Doty  
United States District Court
