# UNITED STATES DISTRICT COURT
## District of Minnesota

MICHAEL L. WODASZEWSKI, DARRELL LOUTSCH, JESSE A. MONTEZ, JR., CHARLES NIPPOLDT, and RICKY CARL HAMBLIN, on behalf of themselves and all others similarly situated; and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC,

**JUDGMENT IN A CIVIL CASE**

Plaintiff(s),

v.  Case Number: 17-cv-5564 MJD/KMM

GERDAU AMERISTEEL US INC., and GERDAU AMERISTEEL US RETIREE MEDICAL PLAN,

Defendant(s).

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1.  The Court herein incorporates by reference the definitions set forth in the Settlement Agreement.

2.  The Court has subject matter jurisdiction of this matter and all claims asserted against Defendants.

3.  The form, content, and method of dissemination of the notice given to the Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. Pursuant to Fed. R. Civ. P. 23 and this Court's Order granting Plaintiffs' motion for class certification, the following persons are members of the Class:

> i. Subclass A. All former USW-represented employees who (i) were hired on or before October 1, 2000; (ii) retired from the St. Paul Mill; (iii) met the Eligibility Criteria to participate in the Gerdau Ameristeel Retiree Medical Plan for St. Paul Union Retirees (the "Plan") at the time of their retirement; and (iv) for employees who retired on or before June 1, 2016, continued to meet the Eligibility Criteria for participating in the Plan as of August 7, 2017, as well as the Eligible Dependents of all such former USW-represented employees.
>
> ii. Subclass B. All USW-represented employees of the St. Paul Mill who were hired on or before October 1, 2000, and who meet the Eligibility Criteria to participate in the Gerdau Ameristeel Retiree Medical Plan for St. Paul Union Retirees upon their retirement.

5. Under Fed. R. Civ. P. 23(e)(2), a court may approve a settlement in a class action litigation only if it finds the settlement is "fair, reasonable and adequate." Courts in this circuit consider the following factors: (1) the merits of the plaintiffs' case, weighed against the settlement terms; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. Van Horn v. Trickey, 840 F.2d 604, 607 (8th Cir. 1988). The Court concludes that these factors favor approval of the settlement and also finds that there are substantial risks, expense and delay likely in the event this matter is not settled.

6. Plaintiffs and their counsel fairly and adequately represented the interests of the Class Members in connection with the settlement set forth in the Settlement Agreement.

7. There have been no objections to the settlement.

8. The Court finds the settlement set forth in the Settlement Agreement to be, in all respects, fair, adequate, reasonable, proper, and in the best interests of the Class, and hereby approves the settlement.

9. Plaintiffs and Gerdau shall consummate the settlement according to the terms of the Settlement Agreement. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein by reference, as if explicitly set forth in this Judgment, and shall have the full force and effect of an order of this Court.

10. Each Released Claim of each Plaintiff and Class Member is hereby extinguished as against the Released Entities. Plaintiffs and each Class Member shall be deemed conclusively to have compromised, settled, discharged, and released the Released Claims against the Release Entities upon the terms and conditions provided in the Settlement Agreement.

11. Plaintiffs and Class Members shall be and are hereby permanently barred and enjoined from, either directly, indirectly, by representation, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in any action (other than participating in the settlement as provided in the Settlement Agreement) in which any of the Released Claims are asserted.

12. Neither this Judgment, the Settlement Agreement, nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is or may be deemed to be, or may be used as an admission

of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any Released Entity; or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any Released Entity, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any Released Entity may file the Settlement Agreement and/or this Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

13. The Court hereby dismisses with prejudice the Complaint and the Action against Defendants, except as follows. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the Parties and the Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

Date: 6/15/2018

KATE M. FOGARTY, CLERK

s/M. Giorgini

(By)   M. Giorgini, Deputy Clerk